IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

UNITED STATES OF AMERICA,

JUN **1 0** 2005

Plaintiff,

U.S. DISTRICT COURT

v.

CRIMINAL ACTION NO. 1:98CR32

OJI PRIDE,

Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR REDUCTION OF SENTENCE

On March 5, 1999, the defendant, Oji Pride ["Pride"], was sentenced to 97 months incarceration for aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. §841(b)(1)(C). Pride did not appeal his sentence or file a §2255 motion.

On September 21, 2004, Pride filed a Motion to Reduce Erroneous Sentence Pursuant to 18 U.S.C. §3582(c)(2) and Rule 36 in which he requests that the Court give retroactive effect to Amendment 640 which revised U.S.S.G. §2D1.1(a).[1]

Pride asserts that pursuant to 18 U.S.C.§3553(a), the Court

---

[1]U.S.S.G. §2D1.1(a)(3), as amended provides: (a) Base offense level (apply the greater); (3) "the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30."

should consider the nature and circumstances of the offense and his

history and characteristics.  Pride states he is 26 years old, has

one child, has rehabilitated himself, has converted to the Islam

faith, has conquered his drug habit, and has earned his GED. He

further asserts that "a combined influence of socio-economic

circumstances promoted his crime." According to Pride, a sentence

of 97 months is not warranted based on the facts of his case and

Blakely v. Washington.[2]

Pursuant to 18 U.S.C. §3582(c)(2), the court may not modify a

term of imprisonment once it has been imposed except that-

> (2) in the case of a defendant who has been sentenced to
> a term of imprisonment based on a sentencing range that
> has subsequently been lowered by the Sentencing

---

[2] Blakely v. Washington, _____ U.S. _____, 124 S.Ct. 2531
(2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466
(2000), holds that "when a judge inflicts punishment that the
jury verdict alone does not allow, the jury has not found all the
facts which the law makes essential to the punishment, and the
judge exceeds his proper authority." Blakely, _____ U.S. _____, 124
S.Ct. at 2537 (citations omitted).
    The Supreme Court has held that Blakely applies to federal
sentencing guidelines. United States v. Booker, _____ U.S._____, 125
S.Ct. 738 (2005). In Booker the Supreme Court issued a two part
decision. In the first part, the Supreme Court held that the mandatory
sentencing guidelines violated a defendant's Sixth Amendment right to
a jury trial because a judge, not a jury, determines facts which could
increase the defendant's sentence beyond the sentence which could be
imposed based on jury fact finding.  In the second part of the
decision, the Supreme Court severed the unconstitutional provisions
from the Sentence Reform Act and made the guidelines advisory and
established an unreasonableness standard of review for sentences on
appeal.
    Pride's Blakely claim will be referred to as a Booker claim in
this Order.

Commission pursuant to 28 U.S.C. 994(o), upon the motion
of the defendant or the Director of the Bureau of
Prisons, or on its own motion, the court may reduce the
term of imprisonment, after considering the factors set
forth in section 3553(a) to the extent that they are
applicable, if such a reduction is consistent with
applicable policy statements issued by the Sentencing
Commission.[3]

See also <u>United States v. Legree</u>, 205 F.3d 724 (4th Cir. 2000),

<u>cert. denied</u> 531 U.S. 1080 (2001).

---

[3]According to 18 U.S.C. § 3553(a) the statute, a court shall
consider:
    (1) the nature and circumstances of the offense and the history
    and characteristics of the defendant;
    (2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect
    for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant;
and
    (D) to provide the defendant with needed educational or
    vocational training, medical care, or other correctional
    treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the kinds of sentence and the sentencing range established
for--
    (A) the applicable category of offense committed by the
    applicable category of defendant as set forth in the guidelines
    issued by the Sentencing Commission pursuant to section 994(a)(1)
    of title 28, United States Code, and that are in effect on the
    date the defendant is sentenced;  or
    (B) in the case of a violation of probation or supervised
    release, the  applicable guidelines or policy statements issued
    by the Sentencing Commission pursuant to section 994(a)(3) of
    title 28, United States Code;
    (5) any pertinent policy statement issued by the Sentencing
    Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on
    the date the defendant is sentenced;
    (6) the need to avoid unwarranted sentence disparities among
    defendants with similar records who have been found guilty of
    similar conduct;  and
    (7) the need to provide restitution to any victims of the
offense.

Section 3852(c)(2) applies only to amendments that the Sentencing Commission has indicated apply retroactively and has listed in U.S.S.G. §1B1.10(c). <u>United States v. Drath</u>, 89 F.3d 216 (5th Cir.1996). If an amendment is not listed in U.S.S.G. §1B1.10(c), the retroactive application of such amendment is not authorized. U.S.S.G. §1B1.10(a); <u>Drath</u> 89 F. 3d at 218. U.S.S.G. §1B1.10 provides Amendment 640 is not a retroactive amendment. Thus, Pride is not entitled to retroactive application of Amendment 640.

Moreover, while Pride is attempting to raise a <u>Booker</u> claim, he does not explain how his sentence violates <u>Booker</u>. Further, the Fourth Circuit Court of Appeals has not ruled on the retroactivity of <u>Booker</u>. However, other circuits have held that <u>Booker</u> does not apply retroactively. <u>See</u> <u>Varela  v. United States</u>, 400 F. 3d 864 (11th Cir. 2005); <u>United States v. Price</u>, 400 F. 3d 844 (10th Cir. 2005); <u>McReynolds v. United States</u>, 397 F. 3d 479 (7th Cir. 2005); <u>Humphress v. United States</u>, 398 F. 3d 855 (6th Cir. 2005); <u>Lloyd v. United States</u>, 407 F. 3d 608 (3d Cir. 2005); <u>Guzman v. United States</u>, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the Court finds that Pride is not entitled to have <u>Booker</u> applied retroactively to his sentence.

Lastly, Pride is not entitled to relief under Rule 36 of the

Federal Rules of Criminal Procedure. Rule 36 provides as follows:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

There has been no clerical error or oversight or omission in this case. Thus, Pride is not entitled to a change in his judgment and commitment order.

Consequently, Pride's motion for reduction of sentence is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to mail a copy of this order to Pride and the United States Attorney for the Northern District of West Virginia.


DATED: June ___*10*___, 2005

*Irene M. Keeley*

IRENE M. KEELEY

UNITED STATES DISTRICT JUDGE